UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | CRIMINAL NO. 2:16-195-2 |
| v. | § | CIVIL NO. 2:18-84 |
| | § | |
| THOMAS TOLAND, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Thomas Toland filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 70.[1] The United States of America filed a motion to dismiss seeking to enforce Movant's waiver of his right to file the present motion, or, in the alternative, to dismiss Movant's claims on the merits. D.E. 73. Movant did not respond.

**I. BACKGROUND**

On February 11, 2016, Texas Department of Public Safety (DPS) special agents were in the midst of a theft and stolen property investigation when it came to their attention that Movant and his wife/codefendant, Donna Toland, may have been receiving stolen property in exchange for methamphetamine, including a pistol reportedly stolen from a law enforcement officer. In an effort to either alleviate or confirm his suspicions, DPS Special Agent Andrew Priddy conducted a "knock-and-talk" investigation at the Tolands' residence. SA Priddy told Movant of their investigation and asked if he would consent to a search of the residence for the pistol. After Movant signed a DPS consent to search form, several agents entered the residence looking for the pistol and accessories commonly found with firearms. During the search, agents discovered a black bag under a bed that could have comfortably concealed a pistol or ammunition magazines. Agents opened the bag and discovered 15.6 grams of methamphetamine. After being confronted with the

---

1. Docket entries refer to the criminal case.

1

methamphetamine, the Tolands confessed that it belonged to them, adding that they were methamphetamine abusers. Agents then asked the Tolands for their consent to search the residence for narcotics. Movant and his wife each signed additional written consent forms authorizing the agents to search the entire residence for drugs. Agents then located an additional 54 grams of methamphetamine in a bag in the bathroom next to the toilet. The methamphetamine was determined to have a net weight of 58.8 grams of actual methamphetamine.

On April 18, 2016, Movant pled guilty to conspiracy to possess with intent to distribute 58.8 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). In exchange for his guilty plea, the Government agreed to recommend that Movant receive maximum credit for acceptance of responsibility and a sentence within the applicable guideline range. As part of the plea agreement, Movant waived his right to appeal his sentence or file a motion under 28 U.S.C. § 2255, except to raise a claim of ineffective assistance of counsel.

The Presentence Investigation Report (PSR) assigned Movant a base offense level of 30 based on 58.8 grams of actual methamphetamine. *See* U.S.S.G. § 2D1.1(c)(5). He was given a three-level adjustment for acceptance of responsibility. The resulting advisory guideline range for Level 27, Criminal History Category V, was 120–150 months' imprisonment, with a 10-year mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 5G1.1.

On March 21, 2017, the Court sentenced Movant to 132 months' imprisonment, 5 years' supervised release, and a $100 special assessment. Judgment was entered March 29, 2017. Movant's conviction became final on April 12, 2017, the last day on which he could have filed a notice of appeal. Movant did not appeal, but filed the current motion pursuant to 28 U.S.C. § 2255 on March 19, 2018. It is timely.

**II. MOVANT'S ALLEGATIONS**

Movant alleges trial counsel was ineffective in the following ways:

1) Counsel failed to file a motion to suppress evidence of the methamphetamine or request an evidentiary hearing;

2) Counsel failed to object to the PSR's determination that the methamphetamine involved in the offense was "Ice"; and

3) Counsel failed to object to the PSR's determination that the weight of the methamphetamine involved in the offense was over 50 grams.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

### B. Effect of Waiver

The Government moves to dismiss Movant's § 2255 motion as barred by the waiver contained in his plea agreement. Movant's plea agreement provides: "Defendant knowingly and voluntarily waives the right to appeal or 'collaterally attack' the conviction and sentence, *except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel . . .* on collateral review in a motion under Title 28, United States Code, section 2255." D.E. 20 ¶ 7 (emphasis added). Because Movant's claims allege ineffective assistance of counsel, they are not barred by waiver.[2]

---

2. The Government acknowledges as much, noting, "The language of paragraph 7 effectively negates the waiver of the right to pursue collateral relief because petitioners uniformly cast all of their complaints in terms of ineffective assistance of counsel." D.E. 73, p. 9, n.4.

### C. Ineffective Assistance of Counsel

#### 1. Legal Standard

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id*. at 689–90. With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter*, 131 F.3d at 463.

#### 2. Failure to File Motion to Suppress

Movant first claims that counsel was ineffective for failing to file a motion to suppress the 15.6 grams of methamphetamine contained in the "small black bag possibly containing the Glock 40," which agents discovered after Movant consented to a search of his residence. D.E. 70, p. 5.

Evidence resulting from a consensual search is admissible if the consent furnished was valid. *Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990). The scope of consent is determined by a standard of objective reasonableness. *United States v. McSween*, 53 F.3d 684, 687 (5th Cir. 1995). This means that the scope of the search is restricted to what a reasonable person would understand to be the bounds of the given consent. *United States v. Mendoza–Gonzalez*, 318 F.3d 663 (5th Cir. 2003). The consent provider may limit the scope of the search if he chooses to do so. *McSween*, 53 F.3d at 688. However, if the consent provider fails to limit the scope, searching officers will not be required to request permission before searching individual containers. *United States v. Freeman*, 482 F.3d 829, 833 (5th Cir. 2007). The search scope may also be limited by the stated object of the search (*e.g.*, a search for narcotics). *Mendoza–Gonzales,* 318 F.3d at 668.

The record shows that Movant initially "signed a TXDPS consent to search form for the pistol." D.E. 1, p. 2. Movant claims "the small black bag" in which the first stash of methamphetamine was found "could in no way contain a large Glock 40. The black bag was pliable, light weight, and closed, as per arresting support affidavit states." D.E. 70, p. 5. Special Agent Larry C. White's Affidavit supporting the Criminal Complaint actually states, "During that search, TXDPS agents located a small black bag under the bed *that could have fit the pistol or magazines.*" D.E. 1, p. 2 (emphasis added). Movant has presented no evidence negating SA White's Affidavit, nor does he claim that his consent was invalid or that he limited the scope of the search in any way.

"The filing of pretrial motions falls squarely within the ambit of trial strategy." *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1983). Because a motion to suppress the methamphetamine discovered in the black bag would have been meritless in this case, counsel was not ineffective for failing to file such a motion. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."). Accordingly, this claim is without merit.

### 3. Failure to Object to the PSR

Movant also claims that defense counsel was ineffective for failing to object to Movant's base offense level of 30. Specifically, "Counsel did not object to purity level for 'ice' 80%. [T]he Levorotatory or 'L' Methamphetamine was included in the overall weight, and/or was not tested for, therefore showing an incorrect purity of over 80%." D.E. 70, p. 6. Movant further complains that "[t]he L-methamphetamine was incorrectly added to the D-methamphetamine, giving an [incorrect] overall weight of over 50 grams." *Id.*, p. 8.

Movant pled guilty to conspiracy to possess with intent to distribute 58.8 grams of *actual* methamphetamine. *See* Rearraignment Hrg. Tr., D.E. 50 at 20:20–21:22. The Sentencing Guidelines' Drug Quantity Table provides for a base offense level of 30 for "at least 50 G but less than 150 G of Methamphetamine (actual), or at least 50 G but less than 150 G of 'Ice'." U.S.S.G. § 2D1.1(c)(5). The PSR did not hold Movant accountable for "Ice;" however, his base offense level would still have been 30 even if it had. Moreover, the Sentencing Guidelines do not distinguish between the D-amphetamine and L-amphetamine enantiomers in determining the total weight of methamphetamine involved in an offense. Counsel was therefore not ineffective for failing to object to Movant's base offense level. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."). Accordingly, this claim is without merit.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## V. CONCLUSION

For the foregoing reasons, the Government's motion to dismiss (D.E. 73) is **GRANTED**; Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 70) is **DENIED**; and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** this 3rd day of July, 2018.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE